RECEIVED
JAN 1 1 2011
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MILDRED WASHINGTON, ET AL.　　　　3:10-CV-01190

VERSUS　　　　JUDGE DONALD E. WALTER

MONROE AREA GUIDANCE CENTER　　　　MAGISTRATE JUDGE HAYES

## ORDER

Before the Court is a Motion to Set Aside Entry of Default [Doc. # 17] filed on behalf of Defendant. On December 21, 2010, the clerk entered a notice of default against Defendant for delay in filing an answer to the complaint. [Doc. #15]. Defendant asserts that its failure to respond "was based on its belief of insufficient service and prematurity of the suit resulting in lack of jurisdiction. Defendant did not believe an answer was due because it had not been properly served." [Doc. #17-1 at 1]. The correct vehicle for contesting service and the prematurity of a claim is a Rule 12(b) motion, not disregard of a complaint.

Nonetheless, default judgments are generally disfavored and should not be granted solely on a failure to meet a procedural time requirement absent other factors, such as wilfulness. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). While Defendant's conduct may be a misunderstanding of the Federal Rules of Civil Procedure, it does not seem willful. Further, setting aside the entry of default will not prejudice the plaintiff, only require they prove the merits of their claims. Therefore, the Motion to Set Aside Entry of Default [Doc. #17] is **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7 day of January, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE